UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROCHELLE BANZIGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-00755-JMS-DML ) |
| CITY OF FRANKLIN, SHAWN HENSON, in his individual and official capacities, ANDREW BREWER, WAL-MART STORES EAST, LP, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Plaintiff Rochelle Banziger's Amended Complaint alleges several constitutional and state law claims against a variety of defendants after Ms. Banziger suffered injuries during an incident at a Walmart. [Filing No. 32.] Ms. Banziger alleges only a state law assault claim against Wal-Mart Stores East, LP, which operates the Walmart store, and Andrew Brewer (collectively, "Walmart"), the Walmart employee who allegedly initiated the confrontation that resulted in her injuries. Walmart now moves to dismiss Ms. Banziger's assault claim for failure to plausibly allege an assault under Indiana law. [Filing No. 41.] For the following reasons, the Court **DENIES** Walmart's Motion to Dismiss.

### I.
#### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it

rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

Consistent with the standard set forth above, the Court recites the facts as detailed in Ms. Banziger's Amended Complaint, which are treated as true for the purpose of resolving Walmart's Motion. The Court may not fill in what the defendant may see as "gaps" in the plaintiff's story with additional facts proposed by the defendant. *Cf., e.g.*, *Mescall v. Burrus*, 603 F.2d 1266, 1269 (7th Cir. 1979) ("To support the dismissal, certain findings of fact were made beyond the allegations of the complaint. Perhaps the trial court has correctly predicted what the final result may be on a motion for summary judgment or after trial, but at this stage of the proceeding those findings cannot be justified."). The Court thus begins its summation of the well-pleaded facts by rejecting Walmart's attempt to supplement Ms. Banziger's Amended Complaint with its own

2

suggested facts. [*See* Filing No. 42 at 1 (arguing that the Amended Complaint "omits a material part of the complete story").]

The events relevant to Walmart's Motion began, according to the Amended Complaint, when seventy-nine-year-old Ms. Banziger visited an Indiana Walmart store in March 2016. [Filing No. 32 at 2.] As Ms. Banziger exited the store with a cart, Mr. Brewer, a Walmart asset protection employee, approached Ms. Banziger and announced that he worked for Walmart's asset protection unit. [Filing No. 32 at 3.] According to Mr. Brewer's statements after the incident, Ms. Banziger did not physically fight with Mr. Brewer, but "became uncooperative," caused a "big scene," and got "very mouthy." [Filing No. 32 at 3.]

Mr. Brewer asked Ms. Banziger to return to the store and walked her to the asset protection office, calling the police along the way. [Filing No. 32 at 3.] Mr. Brewer demanded to see Ms. Banziger's receipt for her purchase after he believed that he saw Ms. Banziger searching through her purse. [Filing No. 32 at 3.] Mr. Brewer then took a step toward Ms. Banziger, leaned over her where she was sitting, and pointed his finger in her face. [Filing No. 32 at 4.] Mr. Brewer later admitted that he was frustrated with Ms. Banziger, which led him to become firm and get in her face. [Filing No. 32 at 8.] According to Mr. Brewer, Ms. Banziger stood up and told Mr. Brewer not to speak to her that way. [Filing No. 32 at 4.] Then, the police officer whom Mr. Brewer had called arrived and intervened. [Filing No. 32 at 8.]

On March 10, 2017, Ms. Banziger brought suit and, with leave of Court, [Filing No. 31], filed her currently operative Amended Complaint on July 25, 2017, [Filing No. 32]. Ms. Banziger alleges that Mr. Brewer's actions, committed while working in the scope of his employment with Walmart, constitute assault under Indiana law. [Filing No. 32 at 8.] Ms. Banziger seeks to hold Mr. Brewer and, pursuant to the doctrine of *respondeat superior*, Walmart liable for Mr. Brewer's

actions. On August 21, 2017, Walmart filed its Motion to Dismiss, arguing that Ms. Banziger's Amended Complaint fails to plausibly allege an assault claim. [Filing No. 41.]

## III.
### DISCUSSION

Walmart advances one argument in support of its Motion: that the facts alleged in Ms. Banziger's Amended Complaint, taken as true, do not raise "more than the mere possibility" that Mr. Brewer assaulted Ms. Banziger. [Filing No. 44 at 2.] In response, Ms. Banziger argues that Walmart's position overstates the pleading standard and that her complaint plausibly alleges a claim for assault. [Filing No. 43.]

A person commits an actionable assault "when one acts intending to cause a harmful or offensive contact with the person of the other or an imminent apprehension of such contact."[1] *Cullison v. Medley*, 570 N.E.2d 27, 30 (Ind. 1991) (citing Restatement (Second) of Torts § 21 (1965)). The "apprehension" of the offensive contact "must be one which would normally be aroused in the mind of a reasonable person." *Id.* (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 10 (5th ed. 1984)). Thus, at trial, a plaintiff must demonstrate that the defendant intended to cause the "fear that harmful or offensive contact [was] about to occur" and that the plaintiff had a "reasonable fear that the contact [was] about to occur." Ind. Model Civ. Jury Instructions § 3137 (Ind. Judges Ass'n 2015). Turning to Professors Prosser and Keeton, the Indiana Supreme Court has explained that "[a]ny act of such a nature as to excite an apprehension

---

[1] Ms. Banziger assault claim invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as a state law claim that is part of the "same case or controversy" as her constitutional claims against the City of Franklin and Officer Henson. 28 U.S.C. § 1367(a). Ms. Banziger alleges that the relevant events occurred in Indiana and the parties apply Indiana law in their briefs. The Court therefore applies Indiana law in resolving Walmart's Motion. *See Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426-27 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.").

4

of a battery may constitute an assault. It is an assault to shake a fist under another's nose . . . ." *Raess v. Doescher*, 883 N.E.2d 790, 794 (Ind. 2008) (quoting *Cullison v. Medley*, 570 N.E.2d 27, 30 (Ind. 1991) (quoting Prosser and Keeton § 10)).

In this case, Ms. Banziger alleges that Mr. Brewer stepped toward her, leaned over her, and pointed his finger in her face. Ms. Banziger further alleges that Mr. Brewer admitted after the incident that he acted out of frustration. There is no legally significant difference between someone shaking a fist under someone else's nose, which the Indiana Supreme Court has said constitutes assault, and someone angrily pointing a finger in another's face. Perhaps a finger-pointing would not cause apprehension of "harmful" contact. But an angry touch to the face would certainly be considered "offensive" contact, and "offensive" contact need not be "harmful" contact, otherwise the disjunctive test for an assault (providing that immediate apprehension of either suffices) would be rendered superfluous. Both the shaking fist and the pointing finger may reasonably cause another person to believe that the actor intended to engage in offensive contact and, given the proximity of the actor's hand, to believe that the offensive contact was about to occur. Therefore, drawing all reasonable inferences in Ms. Banziger's favor, the Court concludes that the Amended Complaint plausibly alleges that Mr. Brewer committed an assault.

Walmart suggests in its reply that "Banziger has neither alleged that Brewer intended to cause a harmful or offensive contact with her nor that his actions created an apprehension of harmful or offensive contact." [Filing No. 44 at 2.] But it is unclear exactly what it is that Walmart suggests is missing from Ms. Banziger's Amended Complaint. For example, if the Court were to permit Ms. Banziger to amend her complaint again to allege that "Mr. Brewer intended to create an apprehension of harmful or offensive contact," presumably Walmart would again move to dismiss on the grounds that the new allegation reflected a conclusory legal allegation entitled to

no weight under the plausibility pleading standard. The dispositive inquiry at this stage is merely whether the facts as alleged yield the reasonable inference that Mr. Brewer acted with the requisite intent. For the reasons set forth above, the Court concludes that the facts alleged in the Amended Complaint yield precisely that reasonable inference.

## IV.
### CONCLUSION

Even post-*Twombly* and *Iqbal*, "the bar to survive a motion to dismiss is not high." [Bonte v. U.S. Bank, N.A., 624 F.3d 461, 463 (7th Cir. 2010)](). The purpose of Rule 12(b)(6) motions remains solely to test the legal sufficiency of a plaintiff's complaint. Ms. Banziger's Amended Complaint meets this standard. Accordingly, the Court **DENIES** Walmart and Mr. Brewer's Motion to Dismiss. [[Filing No. 41]().]

Date: 9/18/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**